# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

JEROME J. GHIGLIOTTI,

    Plaintiff,

    v.

CITY OF NOVATO, et al.,

    Defendants.

Case No.: C-11-02774-YGR

**ORDER REQUIRING RELIEF FROM AUTOMATIC STAY**

For the reasons set forth below, the Court hereby orders Defendants to obtain relief from the Bankruptcy Court in the Northern District of California in light of the Notice of Automatic Bankruptcy Stay filed in this action on January 13, 2012.

On November 3, 2011, Defendants filed a Motion to Dismiss Second Amended Complaint Without Leave to Amend (FRCP Rule 12(b)(6)). Dkt. No. 31. The hearing was originally scheduled for December 1, 2011 and Plaintiff's opposition should have been due on November 17, 2011. Civ. L.R. 7-3(a). On November 10, 2011, Plaintiff substituted himself into the matter, in propia persona, in place of his counsel. *See* Dkt. No. 32. According to Defendants, Plaintiff requested a continuance for the hearing on the Motion to Dismiss to permit him time to locate new counsel and oppose the motion. Defendants did not oppose this request. *See* Re-Notice of Defendants' Motion to Dismiss, Dkt. No. 37. The hearing on the Motion to Dismiss was rescheduled for January 26, 2012. Dkt. No. 34.

Plaintiff never filed an opposition to the Motion to Dismiss. Instead, on January 13, 2012, Plaintiff filed a Notice of Automatic Bankruptcy Stay, which stated that "[p]ursuant to federal statute, the above entitled proceedings is [*sic*] stayed until such time as the stay is lifted by the federal court as to Bankruptcy proceedings which has commenced in NDCA No. 11-14455." Dkt. No. 35. According

to Bankruptcy Court records, Plaintiff filed a Chapter 7 Voluntary Petition approximately one month earlier, on December 12, 2011.

Following reassignment of this case to this Court, Defendants filed a Re-Notice of their Motion to Dismiss and rescheduled the hearing for February 14, 2012. Dkt. No. 37. Defendants also provided a brief argument regarding why the automatic stay pursuant to 11 U.S.C. § 362 does not apply to this action.

Defendants have not provided, nor has the Court found, adequate authority to support the argument that Defendants should not be required to seek relief from the automatic stay. Accordingly, the Court directs Defendants to seek relief from the stay from the Bankruptcy Court. The potential exists that any damages that may be awarded to Plaintiff in this action may be considered property of the bankruptcy estate. *Turner v. Cook*, 362 F.3d 1219, 1225–26 (9th Cir. 2004) ("[w]hen [debtor] declared bankruptcy, all the 'legal or equitable interests' he had in his property became the property of the bankruptcy estate and are represented by the bankruptcy trustee," including causes of action) (citing 11 U.S.C. § 541(a)(1)).

Until Defendants have received affirmative relief from the automatic stay from the Bankruptcy Court, this action is STAYED. The motion set for February 14, 2012 is VACATED and may be re-noticed by Defendants when relief from the stay is granted or Plaintiff's bankruptcy proceedings have concluded.

The parties shall submit updates to the Court every 120 days to inform the Court of the status of the bankruptcy proceedings.

**IT IS SO ORDERED.**

Dated: February 8, 2012

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**